IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

McClain Durst,                     Case No. 3:24-cv-00835

           Plaintiff,

         v.

Annette Chambers-Smith, *et al.*,            **ORDER**

           Defendants.

This is a civil rights case brought by the Plaintiff McClain Durst, who is imprisoned in the Toledo Correctional Institution in Toledo, Ohio. (*See* Docs. 1, 6 *SEALED*). His claims against prison staff involve, *inter alia*, allegations that prison staff is improperly opening the Plaintiff's legal mail. (Id.).

On September 19, 2024, I permitted the Plaintiff to file an amended complaint under seal subject to service on Defendants.[1] (*See* Minute Entry Order Dated Sept. 19, 2024).

Plaintiff seeks to have me Order the U.S. Marshal to serve his Amended Complaint on Defendants. (Doc. 10, PgID. 160-162).

---

[1] I permitted Plaintiff to file his Amended Complaint under seal, and I did so in a minute order. (*See* Minute Entry Order Dated Sept. 19, 2024). I further explain that Order here.
    Northern District of Ohio Local Rule 5.2 governs filings made under seal in this Court.
    Plaintiff argued, in his motion for leave to file his amended complaint under seal, that he had been:
> subjected to multiple incidents of threats, extortion, and assaults at the hands of other inmates, as well as being subjected to retaliation at the hands of prison officials, said prison officials unlawfully circulated information from the original complaint filed on May 9, 2024 throughout the institution housing Plaintiff on two separate occasions.

(Doc. 5, PgID. 79).
    Based on Plaintiff's allegations that he has been endangered due to the contents of his original complaint in this case, I ordered that Plaintiff's request for a seal be granted based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016).
    I believe that sealing the amended complaint, while still serving Defendants with the sealed document, is no broader a seal order necessary to protect Plaintiff's safety.

However, the U.S. Marshal already effectuated service on Defendants and filed returns of service. (*See* Docs. 11–24). Accordingly, the relief Plaintiff seeks has already occurred. I therefore deny Plaintiff's motion as moot.

Lastly, on September 16, 2024, Plaintiff moved for a preliminary injunction against Defendants. (Doc. 7). On October 17, 2024, Defendants filed a motion to dismiss for failure to state a claim. (Doc. 25). I will, accordingly, set briefing schedules on both motions.

## Conclusion

It is, hereby, ORDERED THAT:

Plaintiff's motion for an order that his Amended Complaint be served (Doc. 10) be, and the same hereby is, denied as moot.

SO ORDERED.

*/s/James G. Carr*
Sr. U.S. District Judge